# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00110-CV

---

**In re Stephen Hall**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Hall has filed a petition for writ of mandamus and an emergency motion for temporary relief. Hall challenges the trial court's February 14, 2019 order granting in part real party in interest Austin Eye Clinic's motion for sanctions for spoliation of evidence. The order required Hall to present his electronic devices on or before February 20, 2019, for a forensic investigation pursuant to a court-ordered protocol. The protocol requires the forensic consultant to use search terms to identify relevant files and data and to exclude potentially privileged communications, and it provides a mechanism for Hall's counsel to conduct a privilege review of the documents that the consultant identifies as potentially relevant before the documents are produced to Austin Eye's counsel. *See In re Weekley Homes, L.P.*, 295 S.W.3d 309, 318-19 (Tex. 2009) (orig. proceeding) (following federal case law advising courts ordering access to electronic storage devices to impose reasonable limits on production by establishing protocols for forensic investigation to restrict searches by using search terms and to address privilege, privacy, and confidentiality concerns). Austin Eye asserts defamation and

business-disparagement claims in the underlying case, based on allegations that Hall posted derogatory online reviews and filed frivolous claims with various oversight agencies (Hall asserts he filed those claims online). Thus, Hall's electronic devices have a direct relationship to Austin Eye's claims. *See id.* at 319, 321. Hall's affidavit states that he deleted most of the accounts that he used when posting online reviews about Austin Eye and that he returned his iPhone to his service provider after the underlying suit was filed. Accordingly, the trial court did not abuse its discretion by concluding that Hall had a duty to preserve evidence and breached that duty or by imposing an appropriate remedy. *See Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 20-21 (Tex. 2014). Having reviewed the petition and the record provided, we deny the petition for writ of mandamus and the emergency motion for temporary relief. *See* Tex. R. App. P. 52.8(a), R. 52.10.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Kelly and Smith

Filed:  March 5, 2019